IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ROMAN SZYJKA, Individually,                        *
And ROMAN AND PAULA SZYJKA,
As Husband And Wife                                *
33596 Herring View Dr.
Lewes, DE 19958                                    *

        Plaintiffs                                 *

v.                                                 *

PETER VANDERMEER, M.D.                             *
Baltimore Washington Medical Center
203 Hospital Drive Suite 100                       *
Glen Burnie, MD 21061                              *

And                                                *

ADVANCED RADIOLOGY, P.A.                           *       CASE NO: _____
7253 Ambassador Rd.
Baltimore, MD 21244                                *

        Serve On:                                  *
        Resident Agent
        David I Safferman, M.D.                    *
        7253 Ambassador Rd.
        Baltimore, MD 21244                        *

And                                                *

MIB PARTNERSHIP, LLP                               *
d/b/a Medical Imaging of Baltimore
8701 Georgia Ave., Suite 404                       *
Silver Spring, MD 20910
                                                   *
        Serve On:
        Resident Agent                             *
        Norman Understein
        8757 Georgia Avenue, Suite 1330            *
        Silver Spring, MD 20910
                                                   *
And
                                                   *

BALTIMORE WASHINGTON MEDICAL CENTER, INC.
301 Hospital Drive                                     *
Glen Burnie, MD 21061
                                                       *

Serve On:
Resident Agent                                         *
Megan M. Arthur, Senior Vice President
250 W. Pratt St., Suite 880                            *
Baltimore, MD 21201
                                                       *

Defendants

     *     *     *     *     *     *     *     *     *     *     *     *

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, Roman and Paula Szyjka, by and through their attorneys, James O. C.

Gentry, Jr., Emily C. Malarkey, and Salsbury, Clements, Bekman, Marder & Adkins,

LLC, sue the Defendants, Peter Vandermeer M.D., Advanced Radiology, P.A., MIB

Partnership, LLC d/b/a Medical Imaging of Baltimore, and Baltimore Washington

Medical Center, Inc. and state as follows.

## Jurisdiction And Venue

1.     The Plaintiffs Roman and Paula Szyjka are residents of Lewes, Delaware.

2.     The Defendant, Advanced Radiology, P.A., is a Maryland corporation with

its principal place of business in Baltimore, Maryland.

3.     The Defendant, MIB Partnership, LLC d/b/a Medical Imaging of Baltimore,

is a Maryland corporation with its principle place of business in Silver Spring, Maryland.

4.     The Defendant, Baltimore Washington Medical Center, Inc., is a Maryland

corporation with its principal place of business in Anne Arundel County.

5.      The Defendant, Peter Vandermeer, M.D., is a physician licensed to practice medicine in the State of Maryland.  Dr. Vandermeer works in Anne Arundel County and possibly elsewhere in the State of Maryland.

6.      The amount of this claim exceeds seventy-five thousand dollars ($75,000.00).

7.      This Court has jurisdiction over this action under the diversity of citizenship provision found in 28 U.S.C. 1332.

8.      Venue is proper pursuant to 28 U.S.C. 1391(a).

9.      In compliance with Maryland law, Plaintiffs filed a timely Statement of Claim, two Certificates of Merit, and an Election to Waive Arbitration with the Health Care Alternative Dispute Resolution Office.  An Order of Transfer dated September 6, 2012 was issued and received.  A copy of these documents are attached hereto as **Exhibit 1**.

## Facts Common to All Counts

10.     Plaintiffs adopt and incorporate paragraphs 1 through 9 as if fully set forth herein.

11.     At all relevant times, Peter Vandermeer, M.D. held himself out to the Plaintiffs, and to the general public, as an experienced, competent and able physician and/or health care provider possessing or providing that degree of skill and knowledge which is ordinarily possessed by those who devote special study and attention to the practice of medicine, particularly radiology, and as such, had a duty to the Plaintiffs to render that degree of care and treatment which is ordinarily rendered by those who devote special study and attention to the practice of medicine, particularly radiology.

3

12.     At all relevant times, Peter Vandermeer, M.D. was an employee, servant, agent and/or apparent agent of Advanced Radiology, P.A. and was acting in the scope of said employment or agency.

13.     At all relevant times, Peter Vandermeer, M.D. was an employee, servant, agent and/or apparent agent of MIB Partnership, LLP d/b/a Medical Imaging of Baltimore and was acting in the scope of said employment or agency.

14.     At all relevant times, Peter Vandermeer, M.D. was an employee, servant, agent and/or apparent agent Baltimore Washington Medical Center, Inc. and was acting in the scope of said employment or agency.

15.     In the early morning hours of January 10, 2008, Roman Szyjka began experiencing dizziness and confusion while at home.  This episode lasted approximately 10-15 minutes.   Mr. Szyjka went to work that morning and was scheduled to have a routine physical.  During the physical, Mr. Szyjka experienced a second episode of dizziness. He was taken by ambulance to Baltimore Washington Medical Center for treatment.  Mr. Szyjka reported a sudden onset of dizziness, feeling off balance, leaning to the left while walking, light-headedness and an overall sense of confusion.  Mr. Szyjka was admitted to the hospital.

16.     The following day, January 11, 2008, Mr. Szyjka underwent an MRI of the brain, as well as an intracranial MRA.  Dr. Vandermeer, a radiologist, read the MRI.  Dr. Vandermeer interpreted the MRI and reported no evidence of acute infarction.  Dr. Vandermeer also noted that the imaging sequences were compromised due to the patient's size and inability to fit within the standard coil configuration.  Dr. Vandermeer

4

further noted the MRA and MRI yielded diminished signal to noise ratio, however, Dr.

Vandermeer did not recommend any repeat of the studies or follow-up studies.

17.     Additionally, although it was present and visible, Dr. Vandermeer did <u>not</u>

report that the MRI of the brain contained evidence of an extra-axial lesion in the

petroclival area of the brain.  Based on Dr. Vandermeer's interpretation of the studies,

Mr. Szyjka was discharged with a diagnosis of Vertigo.

18.     Approximately one and half years later, on August 12, 2009, Mr. Szyjka

reported to Dr. Thomas Lee, an ear, nose and throat specialist, with complaints of

headaches in the back of the head and humming in the left ear.  Dr. Lee noted a history

of vertigo and ordered an MRI of the brain with and without contrast.

19.     On August 20, 2009, an MRI of Mr. Szyjka's brain revealed a "striking

finding" of a compressive mass, extra-axial, prepontine, with a prime consideration of

meningioma more so than schwannoma.  This was the same mass that was present

and visible on the January 11, 2008 MRI interpreted by Dr. Vandermeer.

20.     On August 24, 2009, Mr. Szyjka had a follow-up appointment with Dr. Lee.

Dr. Lee discussed the suspected meningioma and recommended a consultation with a

neurosurgeon at Johns Hopkins Hospital for a definitive diagnosis and treatment.

21.     On September 21, 2009, Mr. Szyjka was seen by Dr. Alfredo Quinones-

Hinojosa, a neurosurgeon from Johns Hopkins Bayview Medical Center.  Dr. Quinones

examined and compared the MRI from January 2008 and the MRI from August 2009.  In

looking at the MRI of January 2008, Dr. Quinones observed the small extra-axial lesion

in the petroclival region of the brain that was not reported by Dr. Vandermeer.   Dr.

Quinones found in the August 2009 MRI a much larger petroclival lesion consistent with a meningioma.

22.     Because the tumor had progressed to such a large size between January of 2008 and August of 2009, it could not be safely treated with gamma knife radiosurgery, and Dr. Quinones recommended surgery.

23.     On November 13, 2009, Mr. Szyjka was admitted to Johns Hopkins Bayview Medical Center and underwent a right suboccipital craniotomy for tumor resection and a craniectomy for excision of the brain tumor.  Pathology confirmed meningioma, WHO grade I.  Mr. Szyjka developed complications related to the surgery, and went back to surgery on November 14[th.]  Mr. Szyjka also suffered a cerebellar hematoma and intracranial hypertension following the resection of the brain tumor.

24.     After a lengthy stay at Johns Hopkins, Mr. Szyjka was transferred to ventilation rehabilitation on December 17, 2009.

25.     Following his stay at the Bayview Care Center, Mr. Szyjka was discharged on March 30, 2010 to continue inpatient physical therapy, occupational therapy and swallowing therapy.

26.     Today, Mr. Szyjka struggles with ambulating, inability to close his right eye, double vision, facial paralysis on the right side, difficulty with speech, inability to swallow, right upper extremity weakness, and depression.  These injuries are directly related to the failure of Dr. Vandermeer to recognize the presence of the tumor in January of 2008 and the fact that the tumor was therefore allowed to grow to the point where complicated surgery was required by August of 2009.

## Negligence—Roman Szyjka Individually

27.     Plaintiffs adopt and incorporate paragraphs 1 through 26 as if fully set forth herein.

28.     The Defendant, Peter Vandermeer, M.D., was negligent and careless in the following manners:

      a.   By failing to properly interpret the MRI performed at Baltimore Washington Medical Center on January 11, 2008;

      b.   By failing to recognize the existence of a lesion in the petroclival area of the brain;

      c.   By failing to recommend a repeat of the imaging studies done on January 11, 2008;

      d.   By failing to recommend additional imaging studies of the brain.

      e.   And in other ways.

29.     As a result of the negligence of Dr. Vandermeer, Roman Szyjka was caused to suffer significant physical injury and was rendered physically disabled.  He has been caused to suffer intense physical pain and suffering, as well as severe emotional and psychological damage and other non-economic losses.  He has been forced to incur substantial medical bills, is incapable of returning to work, and has been caused to suffer other economic losses.  His condition and injuries are permanent.

WHEREFORE, Plaintiff, Roman Szyjka, claims damages against the Defendants in an amount to be determined by a jury.

**COUNT II**
**Loss of Consortium—Roman and Paula Szyjka**

30.     Plaintiffs adopt and incorporate paragraphs 1 through 29 as if fully set forth herein.

7

31.     At all relevant times, Roman and Paula Szyjka are and were husband and wife.

32.     As a result of the aforementioned negligence of the Defendants, Roman and Paula Szyjka have been caused to suffer significant and permanent damage to their marital relationship, including, but not limited to, the loss of society, affection, companionship, comfort, assistance, and the loss of sexual relations.

WHEREFORE, Plaintiffs, Roman and Paula Szyjka, as husband and wife, claim damages against the Defendants in an amount to be determined by a jury.

_____

James O. C. Gentry, Jr.
Fed. Bar No. 29797
Emily C. Malarkey
Fed. Bar No. 28197
Salsbury Clements Bekman
 Marder & Adkins LLC
300 W. Pratt Street, Suite 450
Baltimore MD 21201
410.539.6633
*Attorneys for Plaintiffs*