FILED: April 28, 2015

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1439
(1:12-cv-02834-RDB)

ROMAN SZYJKA, Individually; ROMAN AND PAULA SZYJKA, As Husband and Wife

        Plaintiffs - Appellants

v.

PETER VANDERMEER, M.D.; ADVANCED RADIOLOGY, P.A.; BALTIMORE WASHINGTON MEDICAL CENTER, INC.

        Defendants - Appellees

and

MIB PARTNERSHIP, LLP

        Defendant

JUDGMENT

In accordance with the decision of this court, the judgment of the district court is affirmed.

This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

                         /s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1439

ROMAN SZYJKA, Individually; ROMAN AND PAULA SZYJKA, As Husband and Wife,

        Plaintiffs - Appellants,

  v.

PETER VANDERMEER, M.D.; ADVANCED RADIOLOGY, P.A.; BALTIMORE WASHINGTON MEDICAL CENTER, INC.,

        Defendants - Appellees,

        and

MIB PARTNERSHIP, LLP,

        Defendant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. Richard D. Bennett, District Judge. (1:12-cv-02834-RDB)

Submitted: April 16, 2015               Decided: April 28, 2015

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

James O'C Gentry, Emily C. Malarkey, SALSBURY, CLEMENTS, BEKMAN, MARDER & ADKINS, LLC, Baltimore, Maryland, for Appellants. Andrew E. Vernick, Matthew J. Chalker, VERNICK & ASSOCIATES,

LLC, Annapolis, Maryland; John T. Sly, Nicole M. Deford, WARANCH & BROWN, LLC, Lutherville, Maryland, for Appellees.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants Roman Szyjka and Paula Szyjka brought this medical-malpractice action against Dr. Peter Vandermeer and others, alleging that Dr. Vandermeer improperly failed to identify an abnormality in Mr. Szyjka's brain. A jury trial resulted in a defense verdict. We affirm.

Appellants first challenge the district court's ruling that one of their experts, Dr. Joseph Landolfi, a neurologist and neuro-oncologist, could not testify regarding the standard of care for radiologists. The district court found that Dr. Landolfi's testimony was barred by Md. Code Ann., Cts. & Jud. Proc. § 3-2A-02(c)(2)(ii) (2013), and lacked foundation. We review a district court's decision to exclude expert testimony for abuse of discretion. United States v. Garcia, 752 F.3d 382, 390 (4th Cir. 2014). "The proponent of the testimony must establish its admissibility by a preponderance of proof." Cooper v. Smith & Nephew, Inc., 259 F.3d 194, 199 (4th Cir. 2001); see Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 597 (1993) (noting that "[Fed. R. Evid.] 702 . . . assign[s] to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand"). Our review of the joint appendix filed by the parties on appeal leaves us without doubt that the district court did not abuse its discretion in finding that the Szyjkas

3

failed to establish an adequate foundation for admitting Dr. Landolfi's testimony regarding the standard of care.[*]

Appellants also challenge the district court's instruction to the jury regarding its review of a doctor's conduct. See East v. United States, 745 F. Supp. 1142, 1149 (D. Md. 1990). "Although we review a district court's refusal to give a jury instruction for abuse of discretion, we conduct a de novo review of any claim that jury instructions incorrectly stated the law." United States v. Mouzone, 687 F.3d 207, 217 (4th Cir. 2012) (citations omitted). "So long as the charge is accurate on the law and does not confuse or mislead the jury, it is not erroneous." Hardin v. Ski Venture, Inc., 50 F.3d 1291, 1294 (4th Cir. 1995). "While the content of jury instructions in a diversity case is a matter of state law, the form of those instructions is governed by federal law." Id. at 1293. We conclude that, taking the jury instructions as a whole, the district court's nonpattern instruction was permissible as it correctly stated Maryland law and did not confuse or mislead the jury. See Hetrick v. Weimer, 508 A.2d 522, 529 (Md. Ct. Spec. App. 1986) (approving jury instruction stating that

---

[*] Because Dr. Landolfi's testimony regarding the standard of care lacked adequate foundation, we do not reach the question of whether Md. Code Ann., Cts. & Jud. Proc. § 3-2A-02(c)(2)(ii) also bars this testimony. See Creekmore v. Maryview Hosp., 662 F.3d 686, 690 (4th Cir. 2011).

4

reasonableness of doctor's actions is determined based on "circumstances as they then existed at the time of the treatment . . . rather than [on] hindsight"), <u>rev'd on other grounds</u>, 525 A.2d 643 (Md. 1987).

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

FILED: April 28, 2015

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 14-1439,   Paula Szyjka v. Peter Vandermeer
1:12-cv-02834-RDB

---

NOTICE OF JUDGMENT

---

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (www.supremecourt.gov)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers are sent to counsel appointed or assigned by the court in a separate transmission at the time judgment is entered. CJA 30 vouchers are sent to counsel in capital cases. CJA 20 vouchers are sent to counsel in criminal, post-judgment, habeas, and § 2255 cases. Assigned counsel vouchers are sent to counsel in civil, civil rights, and agency cases. Vouchers should be completed and returned within 60 days of the later of entry of judgment, denial of a petition for rehearing, or the grant or denial of a petition for writ of certiorari. If counsel appointed or assigned by the court did not receive a voucher, forms and instructions are available from the court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition to identify the cases to which the petition applies and to avoid companion cases proceeding to mandate during the pendency of a petition for rehearing in the lead case. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 15 pages. Copies are not required unless requested by the court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE:** In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).